Nicholas J. Bontrager, Esq. (SBN 252114)
KROHN & MOSS, LTD.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel:    323/988-2400
Fax:    866/802-0021
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff Linda Stape

Debbie P. Kirkpatrick, Esq. (SBN 207112)
Sondra R. Levine, Esq. (SBN 254139)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Ste. 150
San Diego, CA  92108
Tel:    619/758-1891
Fax:    619/296-2013
dpk@sessions-law.com
slevine@session-law.com
Attorneys for Defendant NCO Financial Systems, Inc.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| Linda Stape, | Case No.  2:10-CV-02841-KJM-GGH |
| Plaintiff, | **STIPULATION RE: CONFIDENTIALITY AND PROTECTIVE ORDER** |
| vs. | |
| NCO Financial Systems, Inc., | |
| Defendant. | |

/ / /

WHEREAS, (i) the litigants are private parties; (ii) the information the parties have requested from each other in discovery includes information that one or more parties believe is confidential and/or private and (iii) this Protective Order contains an appropriate mechanism for weighing the interests of those called upon to produce the confidential and private information against the interests of those who may desire broader disclosure; based on these considerations, IT IS HEREBY ORDERED as follows:

**A.    Scope of Order.**

1.    Discovery in this action involves the production by the parties to this action of corporate training materials and policy and procedure manuals of Defendant NCO Financial Systems, Inc. ("NCO"), which include information regarding confidential and propriety processes and procedures at NCO.  NCO's policy and procedure manuals are designated as confidential and may also be subject to copyright protection.  These documents warrant protection provided because they contain confidential and proprietary information regarding NCO's business practices which enable NCO to be competitive in the marketplace.  This information is not revealed or disseminated to the public at large.

2.    In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").  Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of

customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3.      This Protective Order shall govern the pretrial designation, use and handling of the Confidential Information, deposition testimony concerning the Confidential Information, and information which embodies or discloses the Confidential Information (hereafter collectively the "Confidential Material").

4.      The provisions of this Protective Order shall apply to Plaintiff Linda Stape and Defendant NCO Financial Systems, Inc., their representatives, specifically including counsel, and any non-party and non-party's counsel who agrees in writing to be bound by the terms of this Protective Order.

**B.      Use of Confidential Material.**

5.      Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstract, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

The parties, and all people or entities subject to this Protective Order, must not use the Confidential Material for any purpose whatsoever other than in preparation for and in trial of the above-captioned proceeding or any appeals thereof unless specific, written authorization is provided by the party who produced the Confidential Material.  Nothing in this Protective Order, however, prevents any use by a party of the Confidential Material that it produces.  Nothing herein shall prevent any party from seeking, by written agreement of the signatories hereto or Court order, further, greater or lesser protection with respect to the use of any Confidential Material it has produced.

**C.  Designation of Confidential Material.**

6.    The Confidential Information identified above shall not require further designation or label to be subject to this Protective Order.  Deposition or other pretrial testimony concerning the Confidential Information may be designated as Confidential, when appropriate to do so, either (i) by a statement on the record, by counsel, at the time of such disclosure, identifying with particularity the precise Confidential Material(s); or (ii) by written notice, sent by counsel to all parties, within thirty days after receipt by the designating party of the transcript of the deposition or other pretrial testimony, identifying with particularity the precise Confidential Material(s).  All transcripts shall be treated as Confidential Material and subject to this Order until the expiration of such thirty-day period, but thereafter only to the extent designated as set forth in this paragraph C.6.

///

### D.     Disclosure of Confidential Material

7.     Confidential Material and the information contained therein, including any extract, abstract, chart, summary, note, or copy made therefrom, may be disclosed only to the parties and counsel of record for the Parties and, unless otherwise directed by the Court, may be disclosed by such counsel only to the following persons:

a.     Any author or co-author of the document;

b.     Any recipient of the document;

c.     Any management employee of any party;

d.     The outside counsel appearing or assisting in this litigation, and the employees of such counsel, including regular and temporary employees, contractors and agents who are assisting in the above-captioned proceeding;

e.     Outside Experts (meaning experts or consultants who have been retained (or have been considered to be retained) to assist counsel in the above-captioned proceeding and who are not directors, officers, or employees of any of the parties or of any affiliates of the party) retained or considered for retention to assist in the preparation, prosecution, resolution or administration of the above-captioned proceeding by any attorney described in subparagraph (d) above, as well as employees, contractors and agents of such Outside Expert.

f.     Outside photocopying, graphic production services or litigation support services employed by counsel to assist in the above-captioned proceeding, and computer service personnel performing duties in relation to a computerized litigation

system;

        g.    Any individual who previously had access to the Confidential Material in question, in the form that the Confidential Material was produced by the Producing Party, in the ordinary course of business or employment;

        h.    In-house counsel (and their paralegals) for each of the parties;

        i.    The Court and court personnel, court reporters, stenographers, court personnel, jurors and alternate jurors, if any;

        j.    Other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the party who produced the Confidential Information; and

        l.    Percipient witnesses (other than expert witnesses and consultants), including any person while testifying at deposition, hearing or trial.  A witness must sign a Non-Disclosure Certificate, in the form attached hereto as Exhibit A,  before being shown Confidential Material, except that Confidential Material may be disclosed to a witness who will not sign the Certificate at which the party who designated the Confidential Material is represented or has been given notice that Confidential Material produced by the party may be used.  At the request of any party, the portion of the deposition transcript involving the Confidential Material may be designated Confidential pursuant to paragraphs C.6. above, and such witnesses shown Confidential Material are not allowed to retain copies.

8.     Each individual given access to Confidential Material pursuant to the terms of this Protective Order shall be advised that the Confidential Material is being disclosed pursuant to the terms of this Protective Order, and may not be disclosed or used other than pursuant to the terms thereof.

**E.     Pleadings and Papers Containing Confidential Material.**

9.     Any Confidential Material that is to be used or filed with the Court in this action and any pleading or other paper containing Confidential Material shall be filed with the Court under seal.

[This section as written by the parties is not approved.  It is replaced by the following section:

No filing containing Confidential Material shall be sealed unless the parties follow the procedures set forth in Eastern District Cal. Local Rule 141; also, the parties must satisfy the substantive standards set forth for filing documents under seal as explained in Pintos v. Pacific Creditors Assn., 605 F.3d 665, 678, 679 (9th Cir. 2010) (good cause when filed in non-dispositive proceedings; compelling reasons when filed in dispositive proceedings).]

**F.     Use of Confidential Material at Trial.**

10.     This Order does not preclude, limit, restrict or otherwise apply to the use of Confidential Material at trial.  Prior to trial, upon application by any party, the Court may establish procedures for the use at trial of Confidential Material.

### G.    Inadvertent Productions.

11.    If Confidential Material is disclosed to any person other than in the manners authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the other party of all pertinent facts relating to the disclosure, and make every reasonable effort to retrieve the Confidential Material and to prevent any disclosure by each unauthorized person.  In no event shall good faith or inadvertent disclosure of Confidential Material by a receiving party or counsel be the basis for any motion or any other form of relief or of any other action, so long as the receiving party makes every reasonable effort to retrieve the Confidential Material.  Nothing contained in this Order shall limit in any respect either party's rights and/or claims against any unauthorized person who fails to return Confidential Material.

### H.    Subpoenas and Document Demands in Other Cases.

12.    If any person or entity possessing Confidential Material is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand requests the production of Confidential Material, the person receiving the subpoena or document demand shall give prompt written notice to counsel for the other party, and shall not respond to the subpoena before its due date, in order to give the other party an opportunity to quash or limit the subpoena.

### I.    Modification.

13.    Any person may move the Court for a modification of or relief from the terms of this Order at any time upon notice to all parties.  The Court may modify or grant

relief from the terms of this Order upon request of any person if the circumstances so warrant.

**J.      Return or Destruction of Confidential.**

14.     Within 60 days after the final disposition of the above-captioned proceeding and all appeals therefrom, whether by judgment, settlement, or otherwise, all Confidential Material(s) concerning the items identified at paragraph A.1., and all copies thereof, shall be returned to NCO Financial Systems, Inc. or shall be certified to have been destroyed.   Notwithstanding the previous provisions of this paragraph, outside counsel may retain a copy of any document filed with the Court.

[To the extent that this paragraph purports to apply to the Court, it is inoperative.]

15.     This Protective Order shall survive the termination of this litigation and the Court shall retain continuing jurisdiction to enforce its terms. The undersigned counsel of record stipulate that the Court should enter the above Protective Order as an order of the Court, and further stipulate that in addition the Protective Order shall constitute a binding contract among the parties and their counsel, irrespective of whether an order is entered by the Court.

Dated: 4/18/11                    KROHN & MOSS, LTD.


                                 /s/Nicholas J. Bontrager
                                 _____
                                 Nicholas J. Bontrager
                                 Attorneys for Plaintiff Linda Stape

Dated: 4/18/11                    SESSIONS, FISHMAN & NATHAN & ISRAEL, LLP

                                 /s/Sondra R. Levine
                                 _____
                                 Sondra R. Levine
                                 Debbie P. Kirkpatrick
                                 Attorneys for Defendant NCO Financial Systems, Inc.


**IT IS SO ORDERED.**

**[Bracketed material added by the Court]**

Dated: April 20, 2011                     /s/ Gregory G. Hollows
                                 _____
                                 Hon. Gregory G. Hollows
                                 United States Magistrate Judge

EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

Linda Stape,                                      ) Case No.  2:10-CV-02841-KJM-GGH
                                                  )
                    Plaintiff,                    )
                                                  )
                                                  ) **NON-DISCLOSURE CERTIFICATE**
        vs.                                       ) **TO STIPULATION RE:**
                                                  ) **CONFIDENTIALITY AND**
NCO Financial Systems, Inc.,                      ) **PROTECTIVE ORDER**
                                                  )
                    Defendant.                    )
_____                 )

     I, _____, have read the Stipulation re: Confidentiality and

Protective Order in its entirety and understand its terms.  I agree to be bound by its terms

with respect to Confidential Material disclosed to me.

Dated:                        Signed: _____

                              Name:  _____